UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JANICE PATRECE CLARK,<br><br>                Plaintiff,<br><br>   v.<br><br>UNITED STATES OF AMERICA,<br><br>                Defendant. | CASE NO. C21-507 MJP<br><br>ORDER GRANTING MOTION TO DISMISS |

Before the Court is Defendant's motion to dismiss. (Dkt. Nos. 7, 8, 9, 10.) After considering the motion, and taking note that Plaintiff is *pro se* and that the motion is unopposed, the Court GRANTS the motion and ORDERS that this proceeding is dismissed with prejudice for lack of subject-matter jurisdiction under F.R.C.P. 12(b)(1).

**BACKGROUND**

Janice Patrece Clark filed a petition for a temporary order for protection against harassment and/or stalking in King County District Court against Thomas Ryan on March 19, 2021. (Dkt. No. 1, Ex. A at 5.) Ms. Clark alleged that she and Mr. Ryan both work at to the

U.S. Department of Veterans Affairs ("VA") and that Mr. Ryan had harassed her at the workplace. Id. at 7–8.

On April 15, the U.S. Attorney's Office removed to this Court under 28 U.S.C. § 1442(a)(1) and filed a notice under 28 U.S.C. § 2679(d)(1) to substitute the United States as defendant for Mr. Ryan for all claims sounding in tort, supported by a certification by the U.S. Attorney that Mr. Ryan was acting within the scope of his official duties of employment. (Dkt. No. 3.) The Court ordered the substitution proper and reformed the caption. (Dkt. No. 6.)

The United States then filed the instant motion to dismiss. In short, the Government argues the Court lacks subject-matter jurisdiction because the United States has not waived sovereign immunity to allow its employees to be subject to orders of protection issued by state courts regarding conduct in the course of official duties. (Dkt. No. 7 at 2.)

## DISCUSSION

As an initial matter, Defendant's motion is a facial attack, so the Court assumes the allegations in the petition are true and assesses whether they are insufficient on their face to invoke federal jurisdiction. Leite v. Crane Co., 714 F.3d 1117 (9th Cir. 2014).

A civil action commenced in a state court against any officer of the United States, "or any person acting under that officer," "for or relating to any act under color of such office," may be removed to federal district court. 28 U.S.C. § 1442(a)(1). Removal was proper because the underlying action was a civil proceeding commenced against a federal employee working under an officer of the United States and the suit is for alleged actions at the workplace. The U.S. Attorney's certification that Mr. Ryan was acting within the scope of his authority as federal employee of the VA at all relevant times is unchallenged. (Dkt. No. 3.)

|    |    |
|----|----|
| 1  | An action against a government official, acting within the scope of their authority, is |
| 2  | considered an action against the United States. Will v. Mich. Dep't of State Police, 491 U.S. 58, |
| 3  | 71 (1989). The United States may only be sued to the extent it has waived sovereign immunity. |
| 4  | Cato v. United States, 70 F.3d 1103, 1107 (9th Cir. 1995). Waiver must be unequivocal. Id. |
| 5  | The petition does not identify any provision of law by which the United States has |
| 6  | waived sovereign immunity for the purpose of permitting its employees, acting in the scope of |
| 7  | their employment, to be sued such that a state-court order of protection could be issued against |
| 8  | them and restrict their activities at the workplace. (See generally Dkt. No. 1, Ex. A.) The Court |
| 9  | is unable to identify any such waiver. To the contrary, the allegations in the petition cut against |
| 10 | jurisdiction because the relief sought would interfere with duties carried out by a federal |
| 11 | employee at a federal workplace, in conflict with the Supremacy Clause. All of the allegations in |
| 12 | the petition relate to conduct in the course of duties at a federal agency where both Ms. Clark and |
| 13 | Mr. Ryan are federal employees. (See Dkt. No. 1, Ex. A at 7–10.) The relief sought would |
| 14 | restrict Mr. Ryan's conduct at work in various ways, including by restraining him from the |
| 15 | Parties' workplace for over a year. Id. at 10. Courts considering similar circumstances have |
| 16 | reached the same conclusion—there is no subject-matter jurisdiction here. See, e.g., Hendy v. |
| 17 | Bello, 555 Fed.Appx. 224, 226–27 (4th Cir. 2014). |
| 18 | The clerk is ordered to provide copies of this order to all counsel and to close this case. |
| 19 | Dated July 23, 2021. |

Marsha J. Pechman
United States Senior District Judge